NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNE WANGARI MWAGIRU, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   17-73354 <br> 18-72177 <br><br> Agency No. A200-754-599 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2020**
Seattle, Washington

Before:  IKUTA and R. NELSON, Circuit Judges, and OLIVER,*** District Judge.

In these consolidated petitions for review, Anne Wangari Mwagiru, a native

and citizen of Kenya, seeks review of the Board of Immigration Appeals's ("BIA")

orders denying her motion to reopen and denying her motion to reconsider. As the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Solomon Oliver, Jr., United States District Judge for
the Northern District of Ohio, sitting by designation.

parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of motions to reopen or reconsider for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review factual findings for substantial evidence and review questions of law *de novo*. *Id.* at 791–92. We deny the petitions for review in both cases, 17-73354 and 18-72177.

1. There is no dispute that Mwagiru's motion to reopen was untimely; it was filed almost three years after the deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in finding that equitable tolling was not warranted because, as explained below, Mwagiru did not provide an adequate basis to excuse the untimeliness of her motion. *See Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003) (we recognize "equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error . . .").

Mwagiru argued that equitable tolling was warranted based on the ineffective assistance of her prior attorneys. However, the record clearly shows, and substantial evidence supports the BIA's finding, that she failed to show that her former attorneys' performance was inadequate and failed to show prejudice. *See Mohammed*, 400 F.3d at 793–94 (to prevail on an ineffective assistance of counsel claim, an alien must show that counsel failed to perform with sufficient competence

2

and that she was prejudiced by counsel's performance; prejudice results when counsel's performance was so inadequate that it may have affected the outcome of the proceedings). Therefore, the BIA did not abuse its discretion in denying Mwagiru's untimely motion to reopen on this basis.

The BIA did not abuse its discretion in finding that Mwagiru failed to comply with *Matter of Lozada*.[1] Though *Matter of Lozada* does not require an applicant to file a bar complaint, Mwagiru's explanation for her failure to file a complaint against her first former counsel was unsatisfactory and contrary to *Lozada's* purpose because it was inconsistent with other statements she made in the record. *Compare* Admin. R. at 369 (testifying that her first former counsel told her to document her asylum claim and communicate it to new counsel in response to the question "[h]ave you filed any type of bar complaint against this attorney who you had previously?"), *with* Admin. R. at 110–11 (claiming that she did not file a bar complaint against her first former counsel because he was "kind of tough" and she believed that he was "the kind of person who c[ould] start making things tough for [her]"). The purpose of *Lozada* is to ensure that "an adequate factual basis exists in the record for an ineffectiveness complaint," to deter meritless claims, *Castillo-Perez v. I.N.S.*, 212

---

[1] *Matter of Lozada* provides that a petitioner alleging ineffective assistance of counsel should, among other things, show that a complaint against prior counsel was filed with the proper disciplinary authorities *or* explain why no such complaint was filed. 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

F.3d 518, 526 (9th Cir. 2000), and "to protect against the collusive use by aliens and their counsel of ineffective assistance of counsel claims to achieve delay," *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003). The record reflects that there was no factual basis to support Mwagiru's ineffective assistance of counsel claim against her first former counsel. Further, Mwagiru's inconsistent explanations suggest that her ineffective assistance of counsel claim against her first attorney is aimed at achieving delay.

2. Contrary to Mwagiru's assertion, the BIA did not engage in impermissible factfinding in violation of 8 C.F.R. § 1003.1(d)(3)(iv) in concluding that she was not a member of her proposed particular social group—married Kenyan women who are unable to leave a relationship. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("[T]he Board will not engage in factfinding in the course of deciding appeals."). That regulation neither states nor implies that the BIA cannot engage in factfinding in deciding a motion to reopen on the basis of an ineffective assistance of counsel claim. Indeed, the very essence of such motions requires the BIA to consider newly submitted evidence and make a factual determination as to whether counsel's performance was ineffective. Therefore, the BIA did not violate 8 C.F.R. § 1003.1(d)(3)(iv).

3. We lack jurisdiction to review the BIA's refusal to reopen *sua sponte* Mwagiru's immigration proceedings because Mwagiru has not identified a specific constitutional or legally erroneous premise on which the BIA relied in exercising its

4

discretion. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1117 (9th Cir. 2019) ("[I]f the BIA [] exercise[s] its authority 'without relying on a constitutionally or legally erroneous premise, its decision will not be reviewable.'" (internal citation omitted)).

4. Mwagiru's contentions that the BIA mischaracterized, oversimplified, and misstated the evidence, and did not consider all of the evidence in deciding her motion to reopen are not supported by the record. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095 (9th Cir. 2000) (to prevail on a due process challenge, the alien-petitioner must show error and substantial prejudice). The record reflects that the BIA reviewed the entire record and relied on Mwagiru's testimony in reaching its conclusions. Therefore, the BIA did not abuse its discretion in this regard.

Similarly, the BIA did not abuse its discretion in denying Mwagiru's motion to reconsider. Contrary to Mwagiru's assertion, the record reflects that the BIA considered all of her arguments and evidence in denying her motion. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) ("[T]he [BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.").

**PETITIONS DENIED.**

5