**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAOSHAN FU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 17-72908
19-71281

Agency No. A095-303-111

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2020[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

Baoshan Fu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of his second and third motions to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we review for abuse of discretion, *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

A petitioner may generally file only one motion to reopen within ninety days of the order being challenged. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Fu's motions to reopen exceeded these time and number limitations, and the BIA found that Fu failed to show that he qualified for any exception. But Fu contends that his motions are not procedurally barred because he (1) suffered ineffective assistance of counsel; (2) presented material evidence of changed country conditions; and (3) qualified for an adjustment of status. He further challenges the BIA's refusal to exercise its sua sponte authority to reopen removal proceedings.

***Ineffective assistance of counsel.*** Fu asserts that his attorney failed to inform him of his right to petition this court for review after the BIA in 2005 summarily affirmed denial of his requests for relief. Fu failed to adhere to the procedural rules required of petitioners bringing ineffective-assistance-of-counsel claims. *See Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003) (citing *Matter of Lozada*, 19 I. &. N. Dec. 637 (BIA 1988)). Nor has Fu shown that his "counsel's ineffective assistance was obvious and undisputed" or that his "diligent efforts to comply [with the procedural requirements] were unsuccessful due to factors beyond [Fu's] control." *See Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004) (internal quotation marks omitted). Accordingly, Fu's ineffective-assistance-of-counsel claim fails.

***Changed country conditions.*** Fu argues that he is not subject to the ninety-day deadline and one-motion limits because he presented new evidence of changed

2

country conditions that is "material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). The evidence supporting Fu's motions to reopen reiterates the religious persecution he described in the original removal proceedings[1] but does not show that "circumstances have changed sufficiently" in China for members of his religion such that Fu "now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Fu's changed-country-conditions argument is therefore meritless.

*Adjustment of status.* Fu contends that the BIA abused its discretion in denying his motion to reopen to pursue an adjustment of status based on his marriage to a United States citizen and his new wife's pending visa petition filed on his behalf. Because Fu married a United States citizen thirteen years after the original removal proceedings, we presume "that the purpose [of the marriage] is to procure [Fu's] admission as an immigrant." *Sharma v. Holder*, 633 F.3d 865, 872 (9th Cir. 2011) (internal alterations and quotation marks omitted). Although he may overcome this presumption by presenting clear and convincing evidence of a bona fide marriage, *see* 8 U.S.C. § 1255(e)(3), Fu fails to do so, *see Sharma*, 633 F.3d at 872–74. That Fu gives no explanation for his failure to comply with the time and number

_____

[1] In the original removal proceedings, the IJ found that Fu's testimony regarding his adherence to the Yi Guan Dao religion was not credible but did not make any findings of fact regarding the general persecution of Yi Guan Dao practitioners.

limitations in 8 C.F.R. § 1003.2(c)(2) in requesting an adjustment of status based on his new marriage further undermines his argument. *Cf. Ahmed v. Mukasey*, 548 F.3d 768, 773 (9th Cir. 2008). Accordingly, the BIA did not abuse its discretion in denying Fu's motions to reopen.[2]

*Sua sponte authority.* To the extent Fu also argues that the BIA erred in refusing to sua sponte reopen his proceedings and reconsider its prior decision, we lack jurisdiction to consider this issue. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**

---

[2] Because we hold that the BIA did not abuse its discretion in denying Fu's motion to reopen, his motion to supplement the record is moot.