**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROEUTH THAN, | No.  20-70357 |
| Petitioner, | Agency No. A027-344-769 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2021
Seattle, Washington

Before: HAWKINS and CALLAHAN, Circuit Judges, and FITZWATER,[**] District Judge.

Roeuth Than ("Than"), a native and citizen of Cambodia, petitions for review

of the Board of Immigration Appeals' ("BIA's") dismissal of his appeal challenging

the immigration judge's denial of Than's motion to reopen proceedings and rescind

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

a removal order entered *in absentia*.  We have jurisdiction under 8 U.S.C. § 1252 to conduct judicial review in part, and we lack jurisdiction in part.  We therefore deny the petition for review in part and dismiss it in part for lack of jurisdiction.

Because the facts are known to the parties, we do not repeat them here except as necessary to explain our decision.

We review the denial of a motion to reopen for abuse of discretion.  *See, e.g.*, *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (citing *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005)).  We must uphold the decision of the BIA unless it "acted arbitrarily, irrationally, or contrary to law."  *Lo v. Ashcroft*, 341 F.3d 934, 937 (9th Cir. 2003) (quoting *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 891 (9th Cir. 2002)).  We review the BIA's legal conclusions *de novo* and its factual findings for substantial evidence.  *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (citing *Bhasin*, 423 F.3d at 983).

The BIA did not abuse its discretion in affirming the denial of the motion to reopen proceedings on the basis that Than was given proper notice of the hearing at his Kent, Washington address.  Than was advised in the notice to appear that he must immediately provide the immigration court notice when he changed addresses.  He provided the immigration court his Kent, Washington address, but not his Des Moines, Washington address.  Than did advise the U.S. Postal Service that he had

moved from Kent to Des Moines, but he did *not* also notify the immigration court. The BIA did not abuse its discretion in upholding the denial of the motion to reopen on the basis that Than was given adequate notice of his hearing at his Kent, Washington address, i.e., the most recent address provided to the immigration court. *See* 8 U.S.C. § 1229a(b)(5)(A) ("[N]otice . . . shall be considered sufficient . . . if provided at the most recent address provided under section 1229(a)(1)(F) of this title.").

Than also contends that he is not removable as charged. This claim, however, was not exhausted. We therefore lack jurisdiction to consider it. *Alvarado v. Holder*, 759 F.3d 1121, 1127 (9th Cir. 2014).

We also lack jurisdiction to review the denial of *sua sponte* reopening. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019) (citing *Ekimian v. INS*, 303 F.3d 1153, 1154 (9th Cir. 2002)). This case does not fit into the narrow exception that applies when denial of *sua sponte* reopening rests on "legal or constitutional error." *Id.* (internal quotation marks omitted) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)).

**PETITION DENIED in part; DISMISSED in part**.