**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>JOSE EDUARDO RIVERA-RODAS,<br><br>               Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>               Respondent.</td><td>No.   16-73049<br><br>Agency No. A074-361-989<br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
Pasadena, California

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Jose Eduardo Rivera-Rodas, a native and citizen of El Salvador, seeks

review of a decision of the Board of Immigration Appeals ("BIA") denying his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not abuse its discretion in determining that Rivera-Rodas failed to demonstrate that his new evidence (death certificates of persons from El Salvador) established a prima facie case that he would be persecuted on account of a protected ground or would more likely than not be tortured by or with the acquiescence of the Salvadorian government.  *See Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021) (explaining that such prima facie eligibility is established "where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied" (citation omitted)).  Therefore, the BIA did not abuse its discretion in denying the motion to reopen.

We reject Rivera-Rodas's argument that the BIA abused its discretion by failing to apply *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012).  The BIA recognized its sua sponte discretionary authority to reopen and the standard for evaluating when administrative closure would be appropriate, and made no legal error in declining to exercise such authority.  Therefore, no exception to this court's lack of jurisdiction over the BIA's sua sponte authority to reopen applies. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019).

**PETITION DENIED.**

2