NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALEXANDER POZO-RIVAS, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-70813 Agency No. A205-869-812 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2022**
Seattle, Washington

Before: GILMAN,*** IKUTA, and MILLER, Circuit Judges.

Jose Alexander Pozo-Rivas, a citizen and native of El Salvador, petitions this

court for review of the Board of Immigration Appeals' (BIA's) dismissal of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

appeal from an immigration judge's (IJ's) denial of his motion to sua sponte reopen removal proceedings pursuant to 8 C.F.R. § 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"This court generally lacks jurisdiction to review a decision by the [BIA] not to exercise its *sua sponte* authority to reopen removal proceedings." *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019) (citation omitted). But that lack of jurisdiction is not absolute: We have "jurisdiction to review denial of a motion to reopen *sua sponte* only 'for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.'" *Id.* (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)).

Pozo-Rivas argues that two constitutional violations occurred in his case. First, he argues that even though he missed the deadline to appeal the IJ's underlying decision to deny his application for asylum relief and protection under the Convention Against Torture, his due process rights were violated by the denial of his motion to reopen because "he did not fully understand the appellate deadline and procedures." But his misunderstanding was due to his own mistake; it was not the result of any action by the court or counsel.

We have held on numerous occasions that due process violations do not occur where an alien misses a deadline because of his own mistake. *See, e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1013-14 (9th Cir. 2010). Pozo-Rivas does not dispute that

2

the IJ made him aware of the applicable deadline, nor does he point to any ineffective assistance of counsel. He therefore cannot "point to anyone but himself to explain the untimeliness of his [appeal]," so "[w]e cannot conclude that by missing the deadline[,] . . . he somehow deprived himself of due process." *Id*.

Second, Pozo-Rivas contends that the BIA violated his due process rights by failing to adequately consider his argument regarding the IJ's denial of his motion to reopen. But Pozo-Rivas's due process argument was addressed in the IJ's written opinion, which was expressly adopted by the BIA. The BIA's opinion also added reasoning of its own by rejecting Pozo-Rivas's reliance on *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042 (9th Cir. 2002), because Pozo-Rivas had made no allegations that his failure to timely appeal was due to the ineffective assistance of counsel. (***Id.***) "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

"[T]he BIA does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 439 (9th Cir. 2021) (quoting *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010)). The combination of the IJ's decision and the additional reasoning from the BIA makes

3

clear that the BIA "heard and thought about" Pozo-Rivas's due process argument, which is all that is required. *See id*.

The petition for review is **DENIED**.