NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR RAMIREZ-RAMIREZ, AKA Cesar Uvaldo Ramirez-Ramirez, AKA Uvaldo Cesar Ramirez, | No. 16-73138 17-72965 |
| Petitioner, | Agency No. A079-043-501 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2022**
Pasadena, California

Before: MILLER and COLLINS, Circuit Judges, and KORMAN,*** District
Judge.

Uvaldo Cesar Ramirez, a native and citizen of El Salvador, petitions for

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

review of two decisions by the Board of Immigration Appeals ("Board"): (1) a 2016 decision affirming an IJ's denial of Ramirez's applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and (2) a 2017 decision denying Ramirez's motion to reopen the 2016 decision as to Ramirez's application for cancellation of removal. We deny both of Ramirez's petitions.

1. To be eligible for asylum, Ramirez had to demonstrate that he filed his application within one year of his arrival in the United States. The Board found he had not, and that "changed or extraordinary circumstances" did not excuse his delay. 8 U.S.C. § 1158(a)(2)(B). Ramirez has not argued before us that this late filing should be excused. Thus, we uphold the Board's decision to deny Ramirez's asylum application as untimely.

2. Substantial evidence supports the Board's denial of Ramirez's claim for withholding of removal. To secure withholding of removal, Ramirez had to show that his "life or freedom would be threatened" in El Salvador because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Before the agency, Ramirez argued he would be persecuted in El Salvador because of his membership in either the social group of young men in El Salvador who are targeted by gang recruitment efforts or the social group of persons perceived as wealthy and who are returning from the

2

United States. The agency's conclusion that Ramirez had not demonstrated that these groups were socially distinct within El Salvador is supported by substantial evidence. The Board thus did not err in rejecting both of these proposed social groups. Ramirez requests a remand for further clarification of his proposed social group, but he has not proposed any social groups other than the ones that the agency validly rejected. And so, remand would be futile. *See Lona v. Barr*, 958 F.3d 1225, 1231 n.7 (9th Cir. 2020).

3. Ramirez's challenge to the Board's denial of his CAT claim also fails. "To be eligible for relief under CAT, an applicant bears the burden of establishing that []he will more likely than not be tortured with the consent or acquiescence of a public official." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Ramirez argues that record evidence demonstrating that Salvadoran security forces engage in unlawful killings and arbitrary detentions satisfies this burden. But Ramirez never presented this argument to the agency, so we do not have jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). And substantial evidence supports the Board's determination that Ramirez has not demonstrated that the Salvadoran government would acquiesce in any gang violence Ramirez may experience if deported to El Salvador. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

4. We also uphold the Board's denial of Ramirez's motion to reopen his

application for cancellation of removal. In its 2016 decision, the Board denied Ramirez cancellation of removal because he had a methamphetamine possession conviction. *See* 8 U.S.C. § 1229b(b)(1)(C); *id.* § 1227(a)(2)(B)(i). After his methamphetamine conviction was vacated, Ramirez filed a motion to reopen the 2016 decision as to his cancellation of removal claim. The Board's 2017 decision denied Ramirez's motion to reopen because it explained it would deny Ramirez cancellation of removal as a matter of discretion.

Because the Board denied Ramirez's motion to reopen on discretionary grounds, we have jurisdiction to review the Board's decision for only constitutional or legal error. *See Patel v. Garland*, 142 S. Ct. 1614, 1626 (2022); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006); *Bonilla v. Lynch*, 840 F.3d 575, 588, 592 (9th Cir. 2016). We thus do not have jurisdiction to consider Ramirez's argument that he was statutorily eligible for cancellation of removal. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019). Nor do we have jurisdiction to consider Ramirez's claim that the Board abused its discretion by deviating from its practice of reopening cases after a disqualifying conviction has been vacated. Ramirez cites ten unpublished Board decisions reopening a case sua sponte after a disqualifying conviction had been vacated, but "[c]itation of a few unpublished decisions falls far short of establishing that the [Board] has effectively adopted a rule that vacatur of an underlying conviction necessarily requires it to

4

grant reopening *sua sponte*." *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1118 (9th Cir. 2019).

To the extent that we can consider Ramirez's argument that the Board erred by not considering Ramirez's positive equities, we conclude that the Board's analysis was adequate. By referring to Ramirez's "positive equities" and then citing the section of the IJ's decision where Ramirez's positive equities were listed, the Board demonstrated that it took Ramirez's positive equities into account when it denied relief, so no legal error occurred. *Szonyi*, 915 F.3d at 1238.

**PETITIONS FOR REVIEW DENIED.**