**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FERNANDO MENENDEZ-GONZALEZ, | No. 11-73554 |
| Petitioner, | Agency No. A072-062-253 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2015
Pasadena California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Fernando Menendez-Gonzalez petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his motion to reopen removal proceedings sua

sponte. We grant the petition and remand to the BIA for clarification.

We lack jurisdiction to review the BIA's discretionary decision to grant or

deny sua sponte reopening. *See Ekimian v. INS*, 303 F.3d 1153, 1157-59 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2002).  However, when we cannot determine the basis of the BIA's decision, we cannot conduct a meaningful review of the BIA decision denying sua sponte reopening to determine whether the agency actually exercised its discretion.  *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

Here, the BIA's order is ambiguous with regard to whether it applied the proper legal framework of "exceptional circumstances" in its determination not to reopen Menendez's case under its sua sponte authority.  Although we recognize the BIA's unfettered discretion to invoke its sua sponte authority, *Ekimian*, 303 F.3d at 1159, the order is unclear whether it applied a "gross miscarriage of justice" test (applicable to collateral attacks of prior removal orders) or an "exceptional circumstances" test (applicable to sua sponte reopenings).  Therefore, we remand to the BIA to clarify the legal standard under which it denied Menendez's motion to reopen.

**PETITION FOR REVIEW GRANTED; REMANDED.**