**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE CRISTOBAL CRUZ PLEITEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 15-72876<br><br>Agency No. A074-803-846<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2019[**]
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[***]
District Judge.

Petitioner Jose Cristobal Cruz Pleitez, a native and citizen of El Salvador,

seeks review of the Board of Immigration Appeals ("BIA") decision denying his

2014 motion to reopen and to rescind an in absentia deportation order. In this

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

disposition, we consider Petitioner's claims that (1) he did not receive proper notice of the hearing, both because he never received the Order to Show Cause and Notice of Hearing and because it did not contain the appropriate information; (2) the method of notice violated Petitioner's rights under the Fifth Amendment's Equal Protection Clause; and (3) the motion to reopen was improperly denied. We deny the petition.[1]

When "the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." Zumel v. Lynch, 803 F.3d 463, 471 (9th Cir. 2015) (quoting Rodriguez v. Holder, 683 F.3d 1164, 1169 (9th Cir. 2012)).

We review the denial of a motion to reopen for abuse of discretion. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016). "We review *de novo* the BIA's determination of questions of law, except to the extent that deference is owed to its interpretation of the governing statutes and regulations." Lezama-Garcia v. Holder, 666 F.3d 518, 524 (9th Cir. 2011) (internal quotation marks omitted)).

1. The notice is included in the record. It clearly shows Petitioner's signature and all of the necessary information. See former 8 U.S.C. § 1252b(a)(2);

---

[1] We resolve Petitioner's other claims in an opinion filed this date.

2

Flores-Chavez v. Ashcroft, 362 F.3d 1150, 1155–56 (9th Cir. 2004) (listing the requirements for adequate notice). Petitioner had the opportunity to provide additional evidence that the notice was inadequate in some way, but he did not do so. Therefore, Petitioner received adequate notice of the hearing and is not eligible for relief under 8 U.S.C. § 1252b(c)(3)(B).

2. We review equal protection challenges to federal immigration laws involving non-citizens under the rational basis standard and uphold them if they are "rationally related to a legitimate government purpose." Hernandez-Mancilla v. Holder, 633 F.3d 1182, 1185 (9th Cir. 2011) (quoting Masnauskas v. Gonzales, 432 F.3d 1067, 1071 (9th Cir. 2005)); see also Dent v. Sessions, 900 F.3d 1075, 1081 (9th Cir. 2018) (distinguishing between issues involving citizenship and issues involving the admission of non-citizens), cert. denied, 139 S. Ct. 1472 (2019). "Using such rational-basis review, a statute is presumed constitutional, and 'the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.'" Masnauskas, 432 F.3d at 1071 (quoting Heller v. Doe, 509 U.S. 312, 320 (1993)).

Here, the government offers rational reasons for distinguishing between notice requirements for detained juveniles who are released to a responsible adult and notice requirements for juveniles who were never detained. In the latter

3

situation, there may be no responsible adult and, even if there were, it would be burdensome to locate one. Therefore, we hold that the separate notice requirements do not violate the Fifth Amendment's Equal Protection Clause.

3. Petitioner filed the untimely motion to reopen more than 17 years after his hearing, and he fails to meet any of the exceptions to the timeliness rule. See 8 C.F.R. § 1003.23(b). Additionally, Petitioner did not provide evidence of changed country conditions. See id. § 1003.23(b)(4)(i). In re M-S-, 22 I. & N. Dec. 349, 350–51 (B.I.A. 1998) (en banc), on which Petitioner relies, is distinguishable because that petitioner's motion to reopen was filed only six weeks after the deportation hearing and was timely.

Because Petitioner does not allege legal or constitutional error in the BIA's decision denying sua sponte reopening, we lack jurisdiction to consider the agency's denial. Menendez-Gonzalez v. Barr, 929 F.3d 1113, 1115 (9th Cir. 2019).

4. To the extent that Petitioner raises additional arguments, we are not persuaded.

**Petition DENIED in part and DISMISSED in part**.