**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANEL BARAJAS-RIOS,

                Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 20-71179

Agency No. A097-734-728

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2021[**]
Portland, Oregon

Before:  W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Anel Barajas-Rios, a Mexican native and citizen, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of her motion to reopen removal

proceedings, which was filed nearly ten years after the BIA dismissed her appeal.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition in part and dismiss it in part.

First, we need not decide whether the BIA abused its discretion in deeming Barajas-Rios' motion untimely. The BIA also denied her motion because she was not eligible for the relief she sought. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (explaining that the BIA may deny a motion to reopen where the applicant has "fail[ed] to establish a prima facie case for the relief sought" (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992))). Barajas-Rios "lacked the requisite five years as a lawful permanent resident at the time of the [immigration judge's 2008] decision," and the BIA's 2009 affirmance of that decision, and was therefore ineligible for cancellation of removal under 8 U.S.C. § 1229b(a). Because Barajas-Rios did not challenge this alternative basis for the BIA's decision, we deny her petition as to this issue. *See Abovian v. INS*, 219 F.3d 972, 979 (9th Cir. 2000) (noting that remand is unnecessary where the BIA has provided an adequate alternative basis for its decision).

Second, we lack jurisdiction to review the BIA's decision not to *sua sponte* reopen the proceedings because the BIA considered the factors raised in Barajas-Rios' motion, and no other legal or constitutional error has been alleged. *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019).

2

**Petition DENIED in part and DISMISSED in part.**