NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED ZABER, AKA Mohammed Faisal Khosru, | No. 18-72054 19-71326 |
| Petitioner, | Agency No. A075-697-291 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2022**
Portland, Oregon

Before: WATFORD, R. NELSON, and LEE, Circuit Judges.

Mohammed Zaber (also known as Mohammed Faisal Khosru), a native and

citizen of Bangladesh, seeks review of the Board of Immigration Appeals' (BIA)

decisions dismissing his appeal of the denial of his motion to reopen, dismissing his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

second motion to reopen, and denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petitions.

We review the BIA's dismissal of a motion to reopen, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and denial of a motion to reconsider for abuse of discretion, *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022). We defer to the BIA's decision "unless it acted arbitrarily, irrationally, or contrary to law." *Id.*

1. The BIA reasonably dismissed Zaber's first motion to reopen as untimely. To rescind an in absentia removal order, Zaber was required to file a motion either (i) within 180 days after the issuance of the removal order if his failure to appear was due to "exceptional circumstances"; or (ii) "at any time" if he "did not receive notice." 8 U.S.C. § 1229a(b)(5)(C)(i)–(ii). Zaber has not met either condition: (1) he filed his first motion to reopen over 180 days after the Immigration Judge (IJ) issued his removal order and did not demonstrate the due diligence required to excuse the delay, and (2) he was personally served with a Notice to Appear (NTA) in 2000. Zaber contests personal service. But we apply "a presumption of regularity to the service of an NTA." *B.R. v. Garland*, 26 F.4th 827, 836 (9th Cir. 2022). Because Zaber signed the NTA's certification of service, we "presume the officer then provided him with a copy." *Id.* He "supplied no evidence to rebut this presumption beyond his own declaration," and "a declaration simply refuting

2

personal service is insufficient to overcome the presumption." *Id.*

The BIA also reasonably denied his request to equitably toll the filing deadline because, assuming arguendo that notary fraud provided an exceptional circumstance, he did not show due diligence. Zaber does not contest that the Department of Homeland Security served him with an NTA in 2013 that would have put him on notice of any notary fraud. *See Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011). And he did not explain in his first motion to reopen if and how he investigated the fraud once he became aware of it. Zaber thus failed to adequately explain the three-year gap between discovering the fraud and filing his first motion to reopen.

2. The BIA reasonably dismissed Zaber's second motion to reopen as untimely and numerically barred. Zaber could properly file only one motion to reopen removal proceedings. 8 C.F.R. § 1003.2(c)(2). He also failed to show due diligence for equitable tolling. Zaber argues that his former counsel was ineffective because he did not file a motion to reopen after becoming aware of the in absentia order. But Zaber and his current counsel knew of the potential ineffective assistance of counsel (IAC) claim prior to filing the first motion to reopen. His current attorney, however, failed to raise the IAC claim in the first motion to reopen. Since Zaber does not raise an IAC claim against his current counsel, the BIA properly declined to reach the merits of the motion. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1224 (9th Cir. 2002) (tolling the numerical limit where the petitioner's counsel erred by

3

"filing a worthless motion" that "wasted" the petitioners' "one opportunity to reopen their case").[1]

3. Finally, the BIA reasonably denied Zaber's motion to reconsider. Zaber argues that (i) *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), supports remand in his case because his 2013 NTA was defective, and (ii) the BIA engaged in impermissible fact-finding. First, *Pereira* has no application. Zaber's 2000 removal proceedings were "initiated with a different charging document" that contained all necessary information concerning the removal hearing. *Tzompantzi-Salazar*, 32 F.4th at 703. Second, the BIA did not engage in impermissible fact-finding. *See* 8 C.F.R. § 1003.1(d)(3)(iv). Zaber "has not identified the finding of any disputed facts that matter[] for the BIA's decision" or were "necessary to [the] resolution of the case." *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1119 (9th Cir. 2019) (citation omitted); *see Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012).[2]

**PETITIONS DENIED.**

---

[1] The BIA also properly treated Zaber's second motion as a motion to reopen rather than reconsider. It stated that it was denying "the Second Motion to Reopen," in part, because it did not comply the requirements for motions to reopen.

[2] Petitioner also argues that the BIA erred by stating his first motion to reopen was filed on October 25, 2017. That is true, but he fails to explain how this error materially affected the BIA's decision. *Cf. Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013).

4