**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO GABRIEL HERNANDEZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-71656<br><br>Agency No. A206-673-212<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2023[**]
Pasadena, California

Before: TASHIMA, HURWITZ, and BADE, Circuit Judges.

Ricardo Gabriel Hernandez-Martinez, a native and citizen of Mexico, seeks review of a decision of the Board of Immigration Appeals ("BIA") denying sua sponte reopening. We generally lack jurisdiction to review a decision not to reopen

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

proceedings sua sponte because it is "committed to agency discretion." *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019). Although we may do so if the agency relies on an erroneous constitutional or legal premise, *id.* at 1116–17, Hernandez does not raise a constitutional challenge, and the BIA clearly exercised its discretion "against the correct legal background," *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (cleaned up). We therefore dismiss the petition.

The BIA correctly recognized 8 C.F.R. § 1003.2(a) as the source of its sua sponte reopening authority, identified "an exceptional situation" as a potential reason for sua sponte reopening, and cited precedent supporting its conclusion that Hernandez did not present such a situation. *See In re G-D-*, 22 I. & N. Dec. 1132, 1133–34 (B.I.A. 1999); *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997). Nothing in the decision suggests that the BIA "erroneously believed that the law forbade it from exercising its discretion, or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (cleaned up) (in the analogous context of a motion to reconsider). Instead, after consideration of the law and facts, the BIA concluded that Hernandez's situation did not warrant an exercise of discretion.

Although Hernandez asserts that the BIA really denied reopening because he failed to establish the requisite hardship for cancellation of removal, our review "is constricted to legal or constitutional error that is apparent on the face of the BIA's decision." *Id.* We therefore do not speculate whether the BIA might have also

denied reopening on some other ground.  Because the BIA's decision denying sua sponte reopening did not rely on an erroneous constitutional or legal premise, we lack jurisdiction.

**PETITION FOR REVIEW DISMISSED.**