**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEOPOLDO COVARRUBIAS-
DELGADO,

              Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 21-1341

Agency No.
A044-127-304

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023**
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and BENNETT,*** District
Judge.

    Leopoldo Covarrubias-Delgado (Covarrubias) petitions for review of a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

decision by the Board of Immigration Appeals (BIA) denying his motion to reopen. We have appellate jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, dismiss the petition in part, and remand to the BIA.

1.　　Covarrubias first argues that the BIA should have reopened his case pursuant to 8 C.F.R. § 1003.23(b)(4)(v), which excuses untimeliness where the noncitizen can show due diligence and "[a] material change in fact or law underlying a removability ground . . . that vitiates all grounds of removability applicable to the [noncitizen]."[1] The BIA did not err in refusing to rely on that provision to reopen Covarrubias's case. The final rule implementing the regulation was preliminarily enjoined, and thus inapplicable, when the BIA ruled on Covarrubias's motion to reopen. *See Rubalcaba v. Garland*, 998 F.3d 1031, 1036 n.5 (9th Cir. 2021); *see also Perez-Camacho v. Garland*, 54 F.4th 597, 603 n.5 (9th Cir. 2022).

2.　　Covarrubias next argues that the BIA erred in refusing to equitably toll the statutory deadline for his motion to reopen. To qualify for equitable tolling, Covarrubias must establish that he pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022).

---

[1] Covarrubias cites to 8 C.F.R. § 1003.23(b)(4)(v), which relates to reopening before the immigration court. The relevant regulation, 8 C.F.R. § 1003.2(c)(3)(v), outlines an identical exception for motions to reopen filed before the BIA.

The BIA erred in finding that Covarrubias failed to exercise due diligence in pursuing relief. Covarrubias sought post-conviction relief in state court three days after the BIA dismissed his initial appeal. After the government deported Covarrubias, he diligently pursued reopening of his immigration case from abroad. And he filed his motion to reopen within a reasonable time after the decision vacating his conviction became final and he received the relevant records from the state. Thus Covarrubias was reasonably diligent in pursuing relief given the circumstances. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011).

We agree with the BIA that the purported change in law under *Rubalcaba v. Garland*, 998 F.3d 1031 (9th Cir. 2021), does not present an exceptional circumstance that warrants reopening. But the BIA failed to consider whether vacatur of a conviction underlying a removal order on constitutional grounds qualifies as an exceptional circumstance for the purpose of equitable tolling. Accordingly, we remand to the BIA to determine whether vacatur of Covarrubias's criminal conviction is an extraordinary circumstance that explains the delay in filing his motion to reopen. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002).

3. Finally, Covarrubias argues that the BIA erred in denying his motion to reopen sua sponte. Because the BIA's decision denying sua sponte reopening did not rely on an erroneous constitutional or legal premise, we lack jurisdiction to review this claim. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *see also*

*Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1118–19 (9th Cir. 2019) (finding no legal or constitutional error in denying sua sponte reopening when a petitioner's underlying conviction has been vacated).

**PETITION GRANTED IN PART and DISMISSED IN PART; REMANDED.**