NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRANKUMAR NATAVARLAL PATEL, | No. 20-73462 |
| Petitioner, | Agency No. A216-177-048 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2023**
Pasadena, California

Before: BERZON, RAWLINSON, and BRESS, Circuit Judges.

Petitioner Kirankumar Natavarlal Patel ("Patel"), a native and citizen of

India, petitions for review of his motion to reopen immigration proceedings, which

the Board of Immigration Appeals ("BIA") denied as untimely filed. We deny the

petition in part and dismiss it in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Generally, a motion to reopen must be filed within 90 days from the entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). An exception to the time limit is available if the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). We review a denial of a motion to reopen for abuse of discretion. *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019).

1. The BIA did not abuse its discretion in denying Patel's motion to reopen on the ground that Patel has not established that conditions in India have materially changed.

Most of the materials Patel submitted in conjunction with the motion to reopen concern the same alleged incidents upon which Patel's original application relied. That evidence is not pertinent to an assessment of a change in country conditions.

Some evidence does relate to alleged incidents that occurred after the previous hearing—namely, a notarized letter from Patel's father stating without detail that members of an opposing political party, the Bharatiya Janata Party ("BJP"), visited Patel's family home and made threatening phone calls asking

2

about Patel's whereabouts.[1]  Patel also submitted a 2019 India Human Rights

Country Report.

This evidence is not "qualitatively different" from the evidence presented at

his previous hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010)

(internal quotation marks and citation omitted).  The 2019 India Human Rights

Country Report indicates that the BJP retains governmental power, as it did at the

time of Patel's prior hearing. And Patel continues to fear harassment from the BJP

due to his affiliation with an opposing political party. The evidence demonstrates a

continuation of the conditions that existed at the time of his previous hearing rather

than a material change.[2]

2. Patel also asserts that the BIA erred by declining to exercise its discretion

to reopen his case *sua sponte*. "This court generally lacks jurisdiction to review a

decision by the [BIA] not to exercise its *sua sponte* authority to reopen removal

proceedings." *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019).

We do have jurisdiction to review such decisions "for the limited purpose of

---

[1] The motion also includes an unnotarized, translated statement from Patel's neighbor, which describes a threatening visit by BJP workers to Patel's house. The neighbor does not state that he witnessed the visit firsthand.

[2] Patel also argues that the BIA abused its discretion because it made an impermissible credibility determination regarding the material attached to his motion to reopen. *See Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021). But the BIA did not do so; it simply noted, as we do now, that Patel did not address the prior adverse credibility determination in his motion.

3

reviewing the reasoning behind the decisions for legal or constitutional error."

*Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (as amended). Patel does not

argue that the BIA committed a legal or constitutional error. Rather, he argues that

the BIA erred by failing to conclude that the circumstances presented here

warranted reopening. We lack jurisdiction to review that decision.

The petition for review is **DENIED in part and DISMISSED in part**.