**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO BASTIDA-GOMEZ, | No. 21-70943 |
| Petitioner, | Agency No. A201-021-886 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023**
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Francisco Bastida-Gomez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision dismissing his

appeal from an Immigration Judge's ("IJ") decision and denying his motion to

remand. We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

in part and deny it in part.

1.    The IJ denied Bastida-Gomez's application for special-rule cancellation of removal under 8 U.S.C. § 1229b(b)(2), in accordance with the Violence Against Women Act of 1994 ("VAWA"). The BIA denied Bastida-Gomez's motion to remand for reconsideration of his application for special-rule cancellation of removal.

2.    We lack jurisdiction to consider certain arguments made by Bastida-Gomez because they fail to present colorable constitutional claims or legal questions. When reviewing a denial of special-rule cancellation of removal, our jurisdiction extends only to colorable constitutional claims and legal questions. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1252(a)(2)(D); *see also Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022); *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001). To be colorable, "the claim must have some possible validity." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (quoting *Torres-Aguilar*, 246 F.3d at 1271).

Bastida-Gomez argues the BIA erred by denying remand solely on the fact that he had divorced his abusive spouse. But, even if we assume the BIA relied solely on this fact, we lack jurisdiction to review Bastida-Gomez's argument because he neither develops the argument that this presents a constitutional claim or legal issue nor includes pertinent legal citations in support, and we will not

develop this argument on his behalf. *See W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012). Because the argument does not present any colorable constitutional claims or legal issues, we lack jurisdiction to consider it. *Patel*, 142 S. Ct. at 1618; *Torres-Aguilar*, 246 F.3d at 1271.

Bastida-Gomez also argues that remand is required so that he may present further evidence. This argument is similarly undeveloped and fails to present a colorable constitutional claim or legal issue. We therefore lack jurisdiction to review it. *Patel*, 142 S. Ct. at 1618.

3.      Bastida-Gomez next argues that the BIA engaged in impermissible factfinding. We have jurisdiction to consider whether the BIA impermissibly engaged in factfinding because it raises a colorable legal question. *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012); *see* 8 C.F.R. § 1003.1(d)(3)(iv) (providing that "[t]he Board will not engage in factfinding" when deciding an appeal). But this argument lacks merit. Bastida-Gomez fails to identify a single disputed fact that the BIA found, and a discretionary determination alone does not constitute factfinding. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1119 (9th Cir. 2019) ("Determining whether [the petitioner] presented 'exceptional circumstances' called for exercise of the agency's discretion, not factfinding."). The BIA is also permitted to exercise its own discretion in the first instance. *Id.*

**PETITION DISMISSED IN PART AND DENIED IN PART.**