NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR EFRAIN OSORIO RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-151

Agency No.
A200-064-017

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023**
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and BENCIVENGO, District Judge.***

Oscar Efrain Osorio Rodriguez ("Osorio"), a native and citizen of El

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

Salvador, petitions for review of a Board of Immigration Appeals' ("BIA") decision denying his motion to reopen. We deny in part and dismiss in part the petition.

1. The BIA did not abuse its discretion in denying Osorio's motion to reopen based upon failure to establish materially changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The evidence that Osorio submitted in support of his motion to reopen—his 2019 declaration and the 2018 Human Rights Report for El Salvador—does not show an appreciably different level of gang violence in El Salvador when compared to the evidence Osorio submitted at his 2016 hearing. Moreover, the new evidence describes only "generalized conditions" of crime and violence and is thus immaterial to the success of Osorio's petitions. *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). Thus, Osorio cannot establish that "circumstances have changed sufficiently that" he, who "previously did not have a legitimate claim" now does. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

2. We lack jurisdiction to review the agency's decision not to exercise its sua sponte authority to reopen Osorio's proceedings. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) ("BIA denials of sua sponte relief premised on legal or constitutional error remain the 'one narrow exception' to our rule that the agency's sua sponte authority is not subject to judicial review." (quoting *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019))). Here, the BIA's decision

rested on Osorio's failure to establish "exceptional circumstances," a benchmark which "does not provide a sufficiently meaningful standard to permit judicial review." *Bonilla v. Lynch*, 840 F.3d 575, 586 (9th Cir. 2016) (as amended). Osorio has not identified any "legal or constitutional error" in the BIA's denial of sua sponte reopening; as such, "there is nothing left for us to review." *Lona*, 958 F.3d at 1235.

**DENIED IN PART AND DISMISSED IN PART.**