NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAZ CARLOS VARGAS-TAPIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1264

Agency No.
A077-205-430

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2024**
Pasadena, California

Before: PARKER***, HURWITZ, and DESAI, Circuit Judges.

Paz Carlos Vargas-Tapia, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming the decision

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Barrington D. Parker, U.S. Circuit Judge for the Court of Appeals, Second Circuit, sitting by designation.

of an Immigration Judge ("IJ") denying Vargas-Tapia's untimely motion to reopen his removal proceedings. Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

1.      A motion to reopen must be filed within 90 days of a final order of removal, 8 U.S.C. § 1229a(c)(7)(C)(i), but that limitations period can be equitably tolled, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). Equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Id.*

Vargas-Tapia's motion to reopen, filed twenty-two years after his final order of removal, was facially untimely. The IJ denied equitable tolling because Vargas-Tapia had not shown that "he was prevented from filing his motion sooner or that he acted with due diligence."

Vargas-Tapia's briefing in this Court does not challenge the agency's finding that the motion to reopen was untimely and he has therefore forfeited any challenge to that finding. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003). The agency therefore did not abuse its discretion in denying the motion.

2.      A motion to reopen must also establish prima facie eligibility for the relief sought. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). Because Vargas-Tapia sought cancellation of removal, he was required to (1) have

been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of" the cancellation application; (2) have "been a person of good moral character during [that] period"; (3) not have been convicted of disqualifying offenses; and (4) establish that removal would result in "exceptional and extremely unusual hardship" to a spouse, parent, or child who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1). Even assuming, as Vargas-Tapia contends, that he satisfied the first requirement, the BIA correctly concluded that he failed to present any evidence that he had not been convicted of a disqualifying offense or that he had qualifying relatives.

3. Vargas-Tapia also challenges the IJ's decision not to exercise his *sua sponte* authority to reopen. "[D]enials of motions to reopen *sua sponte* generally are not reviewable because the decisions are committed to agency discretion." *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019).

Denial of sua sponte reopening can be reviewed, however, to determine if "the Board relied on an incorrect legal premise." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Vargas-Tapia argues that because his motion to reopen was not opposed, the BIA made "a reviewable legal error under *Bonilla*." But "Congress did not intend to require the INS to file an opposition brief when the alien is the moving party. Therefore, the Board did not err in deciding the motion to reopen without an opposition from the INS." *Limsico v. U.S. I.N.S.*, 951 F.2d 210, 213 (9th Cir. 1991).

**PETITION FOR REVIEW DENIED.**