NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUA-MING LIN,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3165

Agency No.
A072-969-189

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.***

Petitioner Hua-Ming Lin challenges the Board of Immigration Appeals'

(BIA) denial of his February 2024 Motion to Reopen as untimely and its denial to

reopen the case using its sua sponte authority.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

We review denials of motions to reopen for abuse of discretion. *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020). Our jurisdiction to review the BIA's denial to exercise its sua sponte authority is limited to "legal or constitutional error." *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116–17 (9th Cir. 2019) (citing *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)). We have jurisdiction under 8 U.S.C. § 1252. For the reasons set forth below, we deny the petition in part and dismiss it in part.

1.     The BIA did not abuse its discretion in ruling that Mr. Lin's motion was untimely. Mr. Lin sought to reopen his case from 1993 by filing a motion in February 2024, over 30 years later and well past the applicable 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). On appeal, Mr. Lin argues only that the BIA failed to consider whether equitable tolling applied, an argument that he never raised to the BIA and that we cannot consider for the first time on appeal. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). He did argue that a separate exception based on changed country conditions applied (*see* 8 U.S.C. § 1229a(c)(7)(C)(ii)), but he has waived that issue by failing to mention it in his opening brief. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). Even if we assume he had not waived this argument, Mr. Lin fails to describe any abuse of discretion and cannot prevail on his implicit argument that his changed personal circumstances alone

qualify for the filing deadline exception in § 1229a(c)(7)(C)(ii). *Almaraz v. Holder*, 608 F.3d 638, 640 (9th Cir. 2010) ("[E]ven if a change in personal circumstances is sufficient to file a successive asylum petition . . . a change in country conditions must still be demonstrated if the accompanying motion to reopen is untimely.")

2. Mr. Lin likewise fails to articulate any particular "legal or constitutional error" in the BIA's refusal to reopen the case with its sua sponte authority. Contrary to his assertion, the BIA expressly considered and rejected his claim for sua sponte relief. His conclusory assertion that "changed personal circumstances amounts to a fundamental change in law" lacks both authority and merit. To the extent that he claims the BIA should have found in his favor, we lack jurisdiction to review that decision. *See Bonilla*, 840 F.3d at 588 (holding that this court's jurisdiction to review the BIA's sua sponte decision is limited to whether the decision "relied on an incorrect legal premise").

**PETITION DENIED IN PART AND DISMISSED IN PART.**