NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DINORA SARCENO MORALES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-53

Agency No.
A075-262-323

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2025[**]
San Francisco, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.

Dinora Sarceno Morales, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' (BIA) decision denying her motion

to reopen based on claims of ineffective assistance of counsel (IAC) and declining

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to exercise its *sua sponte* reopening discretion. We have jurisdiction under 8 U.S.C. § 1252(b). We deny the petition.

1. We review the denial of a motion to reopen under an abuse of discretion standard. *See INS v. Abudu*, 485 U.S. 94, 105 (1988); *see also Ayanian v. Garland*, 64 F.4th 1074, 1080 (9th Cir. 2023). We will affirm the BIA's denial of a motion to reopen unless the decision is "arbitrary, irrational or contrary to law." *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021). The BIA did not abuse its discretion in finding Sarceno Morales's motion untimely. Sarceno Morales filed her motion almost 25 years after the statutory deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (stating that motions to reopen "shall be filed within 90 days of the date of entry of a final administrative order of removal"). Sarceno Morales has also failed to demonstrate the requisite due diligence to equitably toll the time limit. Even crediting Sarceno Morales's assertion that she consulted nine attorneys between 2017 and 2023, her final order of removal was issued in 1999, leaving 18 years unaccounted for before she first consulted an attorney. We find no abuse of discretion in the BIA's denial on the basis of untimeliness.

2. This Court lacks jurisdiction to review the BIA's decision to deny reopening *sua sponte* unless the denial is based upon constitutional or legal error. *See Magana-Magana v. Bondi*, 129 F.4th 557, 575 (9th Cir. 2025); *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1117 (9th Cir. 2019) ("[I]f the B[oard] had

25-53

exercised its authority 'without relying on a constitutionally or legally erroneous premise, its decision will not be reviewable.'") (quoting *Bonilla v. Lynch*, 840 F.3d 575, 592 (9th Cir. 2016)). Sarceno Morales does not adequately allege that the BIA committed constitutional or legal error. Sarceno Morales's "settled course of adjudication" argument does not demonstrate legal error. That the BIA may have exercised its discretion to reopen *sua sponte* in other cases does not demonstrate *ipso facto* any error in the decision not to reopen here. Nor do Sarceno Morales's arguments regarding potential eligibility for relief qualify as establishing legal or constitutional error. The BIA articulated the correct standard for its exercise of discretion under 8 C.F.R. § 1003.2(a), cited its own precedent, and demonstrated that it "clearly understood the discretionary nature of its decision." *Lona v. Barr*, 958 F.3d 1225, 1233-34 (9th Cir. 2020). Accordingly, we lack jurisdiction to review the BIA's *sua sponte* denial of Sarceno Morales's motion to reopen.[1]

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1] The motion for stay of removal (Dkt. 4) is denied as moot. The temporary stay of removal is to remain in effect until the mandate issues.