NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO ANGEL BALVINO, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1892 <br><br> Agency No. A095-658-095 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2024**
Pasadena, California

Before: CALLAHAN, CHRISTEN, and BENNETT, Circuit Judges.

Antonio Angel Balvino, a native and citizen of Venezuela, was ordered removed from the United States to Venezuela on March 22, 2021. Balvino filed a motion to reopen with the Board of Immigration Appeals ("BIA") on November

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

19, 2021.  The BIA denied the motion to reopen, and Balvino petitions for review of the BIA's denial.  Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we <u>deny in part and dismiss in part the petition for review.</u>

1.  We review the BIA's denial of Balvino's motion to reopen for abuse of discretion, reversing if it is "arbitrary, irrational, or contrary to law."  *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir. 1985)).  The BIA determined that (1) Balvino's motion to reopen was untimely and (2) Balvino had not demonstrated that an exception to the 90-day deadline applies.  We agree.

Under 8 U.S.C. § 1229a(c)(7)(C)(i), a "motion to reopen shall be filed *within 90 days* of the date of entry of a final administrative order of removal."  *Id.* (emphasis added).  Here, the final administrative order of removal was entered on March 22, 2021.  Because Balvino moved to reopen on November 19, 2021, more than 90 days later, the motion to reopen was untimely.

No exception applies.  Balvino argued that his motion to reopen should be granted pursuant to the Settlement Agreement in *Mendez Rojas v. Wolf*, No. 2:16-cv-01024-RSM (W.D. Wash. July 28, 2020).  The terms of the *Mendez Rojas* Settlement Agreement specify: "[The government] will accept as timely filed any asylum application from a Class member that was filed or is filed on or before March 31, 2022, irrespective of the one-year deadline" set forth in 8 U.S.C.

§ 1158(a)(2)(B). As the BIA explained, however, Balvino had specifically declined to seek asylum during the original removal proceedings.

Moreover, timeliness aside, Balvino did not fall into either *Mendez Rojas* class membership category. Both *Mendez Rojas* classes are restricted, in relevant part, to "individuals who were encountered by DHS upon arrival or within fourteen days of *unlawful entry*." Balvino entered the United States *lawfully* as a B-1 visitor. He was not detained upon his arrival or within fourteen days of his entry; he was detained only after serving a sentence associated with his 2013 burglary conviction. Thus, the BIA did not abuse its discretion in determining that Balvino's motion to reopen was untimely and no exception applies.

2.     We lack jurisdiction to review the BIA's determination that "[Balvino] has not demonstrated . . . an exceptional situation warranting *sua sponte* reopening." We generally lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings under 8 C.F.R. § 1003.2(a), *see Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019), except "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error," *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (as amended).

Balvino argues on appeal (without citing any authority) that an "alternate ground[]" for relief is the BIA's failure to, *sua sponte*, consider a Department of

State country conditions report attached to the 456-page asylum application he appended to his motion to reopen.[1]  Balvino did not make any argument based on changed country conditions to the BIA.  Instead, Balvino relied solely on the *Mendez Rojas* Settlement Agreement in his motion to reopen.  Thus, we may not consider this unexhausted argument.  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).  Because we see no legal or constitutional error in the BIA's decision not to invoke its *sua sponte* authority to reopen—and because Balvino has failed to point to any—we lack jurisdiction.

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**

---

[1] Balvino also claims that "for any motion to reopen based upon changed country conditions based upon a country conditions report published by the Department of State . . . , there is no discretion and the immigration judge and the [BIA] *must* grant the motion and allow [Balvino] to file and proceed on his asylum application."  This is incorrect.  *See Kucana v. Holder*, 558 U.S. 233, 243–44 (2010).