**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

OCT 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MARTINEZ GONZALEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1834 <br><br> Agency No. A036-164-011 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2024**
Pasadena, California

Before: PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Victor H. Martinez Gonzalez petitions for review of an order of the Board of

Immigration Appeals ("BIA") denying his motion to reopen. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.     The BIA did not abuse its discretion in finding that the changed country conditions exception in 8 U.S.C. § 1229a(c)(7)(C)(ii) did not apply and that Martinez's motion was therefore time-barred under 8 U.S.C. § 1229a(c)(7)(C)(i) and number-barred under 8 U.S.C. § 1229a(c)(7)(A). The motion to reopen did not offer evidence "qualitatively different" from that presented at the original hearing. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017); *see also Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010) (holding that evidence showing conditions have "worsened" did not establish "qualitatively different" evidence). Further, the agency did not abuse its discretion in finding that Martinez failed to establish prima facie eligibility for protection under the Convention Against Torture because he had not shown that he would more likely than not be tortured by or with the acquiescence of the Mexican government if removed to Mexico. *See Najmabadi*, 597 F.3d at 986 (noting a petitioner must establish prima facie eligibility for the underlying substantive relief requested to satisfy the changed country conditions exception); 8 C.F.R. § 1208.16(c)(2).

2.     Martinez's eligibility for an adjustment of status does not render the denial of his motion to reopen an abuse of discretion. *See Cui v. Garland*, 13 F.4th 991, 1000 (9th Cir. 2021). In any event, that eligibility does not overcome the time and number bars.

3. This Court lacks jurisdiction to review the BIA's discretionary decision not to reopen sua sponte. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019).

The petition for review is **DENIED**.